STOULIG, Judge.
Defendant, Richard R. Hotard, has appealed a judgment granting his wife Noelie a separation a mensa et thoro. Before considering appellant’s assignment of errors, it is relevant to first summarize the procedural development of this litigation, which, to say the least, is unique.
Plaintiff filed a petition for separation alleging cruelty and the defendant reconvened on the grounds of cruelty and abandonment. By consent judgment dated October 31,1975, the litigants agreed to alimony pendente lite and child support at the rate of $140 per week. During the next 11 *53 months, the husband made several abortive judicial efforts to decrease the alimony and child support, while his wife countered with various contempt rules to enforce the collection of delinquent support. For our purposes we need not detail the ancillary financial pleadings except to note that the alimony judgment of October 31, 1975 remained intact.
On September 1, 1976, defendant, now represented by new counsel, filed a petition to annul the alimony consent judgment alleging “fraud and ill practice.”
The record indicates trial on the merits of the separation suit as well as the nullity action was set for January 4, 1977. Noting his participation in the presettlement discussion that culminated in the consent support judgment, the trial judge recused himself from the nullity hearing and heard the merits of the claims by the husband and wife, respectively, for a judgment of separation.
At first blush, plaintiff’s approach to proving the cruelty alleged in her petition seemed novel because she and a witness testified — without objection being made— that she and her husband married, had children, separated voluntarily in August 1975, and had acquired community property. Then she rested. Counsel for plaintiff’s motion to amend her pleadings instanter to conform to the evidence, without objection by opposing counsel, clarified the purpose of plaintiff’s presentation. The trial judge ordered the pleadings amended to add voluntary separation for more than one year as a ground for relief. (C.C.P. art. 1154.)
Then defendant went forward with evidence to prove his charges of abandonment and/or cruel treatment. He testified his wife left without cause and that prior to leaving she frequently threw things at him. In rebuttal, Mrs. Hotard admitted to beating him once after he came home drunk, poured gasoline on the kitchen floor and attempted to light it while her seven children were asleep in the house.
The trial court concluded plaintiff “carried the burden of proof required” and rendered judgment in her favor. Defendant disputes whether the record supports this conclusion. Additionally he complains the court did not state on what ground it rendered judgment.
From the colloquy between the court and defense counsel, it is apparent the judgment is based on the voluntary separation allegation supplied by instanter amendment which plaintiff established by a preponderance of the evidence.
In reviewing the testimony as to fault, we conclude both plaintiff and defendant have failed to sustain the allegations that would serve as the basis for a fault determination. Should Mrs. Hotard ever seek permanent alimony under C.C. art. 160, the issue of fault must then be decided because the present judgment is not determinative of that aspect of the allegations in her petition.
We cannot consider appellant’s complaint as to the amount of alimony. This appeal is limited to the judgment of separation in which proceeding the trial judge severed the petition of nullity by recusing himself. Because there was no trial on this aspect of the litigation, there is nothing to review on appeal. All other judgments on rules relating to the amount of the award are final because they have not been appealed and the delays for perfecting appeals have lapsed. . (C.C.P. arts. 3942 and 3943.)
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.